[Civ. No. 7087. First Appellate District, Division Two.—November 7, 1930.]

A. H. SOMMER et al., Appellants, v. BANK OF ITALY NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Rudolph J. Scholz for Appellants.

Louis Ferrari and J. J. Posner for Respondent.

SPENCE, J.—Plaintiffs brought an action to recover sums deposited with the defendant bank and paid out on checks forged by an employee of plaintiffs. Upon a trial by jury, judgment of nonsuit was entered in favor of the defendant bank at the close of plaintiffs' case and from this judgment plaintiffs appeal.

Plaintiffs opened their account with the bank in the early part of 1928. The signatures of the copartnership and plaintiff Sommer were forged by their employee to a series of checks in the months of July, August and September, 1928. These forged checks totaled $1550. The bank reimbursed plaintiffs in the sum of $365 for the checks forged prior to the month of August, but refused to reimburse plaintiffs for the checks subsequently forged. Upon discovery of the forgeries the employee was arrested on September 17th, and thereafter placed on probation. The employee had made partial restitution through the probation officer to the extent of $443.50 after being re-employed by plaintiffs. On the trial plaintiffs sought judgment against defendant bank for the unpaid balance of $741.50 on the checks forged during the month of August.

The testimony offered in the trial court was brief and rather unsatisfactory in its details as hereinafter pointed out, but neither in the trial court nor on this appeal has the respondent bank questioned the sufficiency of the evidence to show the payment by the bank from appellants' account of a number of forged checks and the bank's refusal upon demand to pay to appellants the unpaid balance of $741.50 represented by the forged checks. We believe such evidence was sufficient to make a *prima facie* case. Respondent at all times relied upon certain defenses set forth in its answer. In support of the ruling of the trial court in granting the motion for nonsuit respondent apparently takes the position that such defenses were established as a matter of law by the testimony adduced during the examination of the witnesses for appellants.

Before discussing respondent's contentions upon which it urges that the judgment should be affirmed, certain further observations should be made regarding the state of the evidence bearing upon these contentions. It appears that on August 3d the bank delivered to plaintiffs a monthly statement purporting to cover the July transactions and accompanied by checks for July. Neither this statement nor any other statement of account between the parties was introduced in evidence and we are unable to ascertain the contents of the statements. Again, confusion exists in the transcript where reference is made to the monthly statements. For example, we are unable to ascertain in many instances

whether the words "August statement" refer to the statement delivered in August purporting to cover July transactions or to the statement subsequently delivered in September purporting to cover August transactions. In any event, a statement was delivered to plaintiffs on August 3d and another statement was delivered in September. The exact time of delivery of the statement in September does not appear, but it was conceded that the statement was delivered before September 10th. What was referred to as the "August statement" was exhibited to plaintiff Sommer upon cross-examination and counsel purported to read the following notice from the statement: "Please examine at once. If no error is reported in ten days the account will be considered correct." The witness in response to questions, replied that he had never noticed this provision on any of the monthly statements. It is questionable whether there is any evidence in the record to prove that this provision was contained on any of the monthly statements, but counsel on both sides assume in their briefs that the "August statement" above referred to was the statement delivered on August 3d and that this statement contained such a provision. Plaintiffs did not examine this statement until the latter part of August, at which time they notified the bank that there was something wrong with the statement. After receiving the statement in September plaintiffs examined both statements and ascertained that there were fewer checks than there were debit items and notified the bank that checks had been forged. This notice was given about the middle of September near the time of the arrest of the employee on September 17th. It does not affirmatively appear, but respondent assumes that the forged checks were destroyed by the employee guilty of the forgeries. Upon discovering that the checks had been forged plaintiffs employed a bookkeeper and later a certified public accountant for the purpose of ascertaining the exact amount of the shortage due to the forgeries and thereafter gave the bank a definite statement. None of the forged checks were introduced in evidence and the record does not disclose the dates upon which the checks were forged or paid by the bank.

Respondent's first contention is that "The account became an account stated weeks before the bank was notified of the forgeries." Passing the question of the insufficiency

of the evidence to show the contents of the monthly statements of account, we will assume that such statements showed all debit and credit items for the previous months including debits of the forged checks and that the balance shown was incorrect in the amount represented by the forged checks. In support of its contention respondent calls attention to the general rule that it is the duty of the depositor to examine his statements and vouchers and report any error within a reasonable time, failing in which duty the account as rendered becomes an account stated as between the bank and the depositor. ■ We are of the opinion, however, that the account in controversy had not become an account stated under the facts in the present case. The account in controversy is the account relating to the August transactions, the statement of which account was received some time in September and it cannot be said that plaintiffs failed to report the forgeries to the bank within a reasonable time after a receipt of this statement. Respondent further calls attention to the "ten-day provision" contained in the statement delivered to plaintiffs on August 3d. ■ This statement covering the July transactions cannot be made the basis of an account stated with respect to the August transactions. ■ Furthermore, such a provision in a bank statement cannot be relied upon unless it appears that such provision has been called to the attention of the depositor. (*Los Angeles Inv. Co.* v. *Home Sav. Bank,* 180 Cal. 601, 614 [5 A. L. R. 1193, 182 Pac. 293].)

■ Respondent next contends that "the plaintiff partners failed in their duty of inspection of the canceled vouchers and statement furnished on August 3, 1928, and their negligence proximately caused the successful negotiation of the checks forged in August and sued upon herein, they in reality approving and ratifying the acts of their agent, the forger". There are several answers to this contention. Under the circumstances disclosed by the evidence, we believe that the questions of whether plaintiffs were negligent in not sooner examining the statement of August 3d, and reporting the forgeries was a question of fact to be determined by the jury under proper instructions and not a question of law. Even assuming that plaintiffs were negligent in this regard, there was no evidence from which it appeared that such negligence proximately caused the

successful negotiation of the checks cashed in the month of August. No evidence is found in the record to show when the August checks were cashed and for aught that appears all the August checks may have been cashed prior to the receipt of the statement of August 3d. ■ A further answer to this contention is that the defense of negligence on the part of a depositor is available to the bank only where it appears the bank itself is free from negligence. (*Glassell Dev. Co.* v. *Citizens' Nat. Bank,* 191 Cal. 375 [28 A. L. R. 1427, 216 Pac. 1012]; *Union Tool Co.* v. *Farmers & Merchants Nat. Bank,* 192 Cal. 40 [28 A. L. R. 1417, 218 Pac. 424].) The authorities on this subject are very extensively discussed in the foregoing cases. In the case of *Glassell Dev. Co.* v. *Citizens' Nat. Bank, supra,* the court said on page 380 of the opinion: "And the weight of authority, and perhaps of reason, supports the view that when a depositor's pass-book has been written up and returned to him with canceled checks which have been charged to his account, it is his duty to examine such checks within a reasonable time, and if they disclose forgeries or alterations to report them to the bank, failing in which he cannot, if his failure results in detriment to the bank, dispute the correctness of payments thereafter made by it on similar checks. . . .

"This rule, however, assumes that the bank itself has not been guilty of negligence in making the payment, for when by the exercise of proper care it could have discovered the alteration or forgery, it must bear the loss notwithstanding that the depositor failed in his duty to examine the accounts."

In the *Union Tool Co.* v. *Farmers & Merchants Nat. Bank, supra,* the court said, on page 48: "In *Leather Manufacturers' Bank* v. *Morgan,* 117 U. S. 96 [29 L. Ed. 811, 6 Sup. Ct. Rep. 657], see, also, Rose's U. S. Notes, it is said that 'Of course, if the defendant's officers, . . . could by proper care and skill have detected the forgeries, then it cannot receive a credit for the amount of those checks, even if the depositor omitted all examination of his account.' In another case (*Morgan* v. *United States Mortgage & Trust Co.,* 208 N. Y. 218 [Ann. Cas. 1914D, 462, L. R. A. 1915D, 741, 101 N. E. 871]) it is said: 'It is, however, permitted to a bank to escape liability for repayment of amounts paid

out on forged checks *by establishing that the depositor has been guilty of negligence which contributed to such payments and that it has been free from any negligence.'*"

The defense of negligence is an affirmative defense. ▮ When the depositor makes out a *prima facie* case by showing that the bank has made payment from his account on forged checks and has refused upon demand to pay the sum represented by the forged checks, the burden is not upon the depositor to show that the bank was negligent in cashing the checks and that he was free from negligence. The burden is then upon the bank to show by way of defense that the depositor was negligent and that the bank was free from negligence. It is conceivable that under certain circumstances both elements of such defense might appear as a matter of law from the testimony at the close of plaintiff's case, but that was not the situation here.

▮ Respondent further contends that "where one of two innocent parties must suffer, the principal employing a dishonest agent, should bear the loss rather than an equally innocent third party, in this instance, a bank." In this contention respondent proceeds upon the theory that the bank was an innocent party. Reliance is placed upon *Otis Elevator Co.* v. *First Nat. Bank,* 163 Cal. 31 [41 L. R. A. (N. S.) 529, 124 Pac. 704]. It is repeatedly pointed out in that decision that under the circumstances disclosed by the evidence, the bank was an innocent party entirely free from negligence in the cashing of the checks involved. We do not believe that the principle laid down in that case should be extended to any case where it is not made to appear that the bank was free from negligence.

▮ From the defenses set forth in the pleadings and the grounds stated upon the motion for nonsuit in the trial court it appeared that defendant placed reliance upon an alleged ratification of the forgeries by plaintiffs. This ratification is claimed upon the evidence which showed that plaintiffs had re-employed the employee after he was placed on probation and had accepted partial restitution from him through the probation office. Our attention has not been directed to any authority to sustain the proposition that such re-employment and acceptance of partial restitution would constitute a ratification precluding a claim by the

depositor against the bank for the unpaid balance and we find no reason for so holding.

As plaintiffs had made a *prima facie* case and as it cannot be said as a matter of law that any defense had been established at the close of plaintiffs' case, the court erred in granting the motion for nonsuit.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.